[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PETITION FOR WRIT OF HABEAS CORPUS
## UNITED STATES DISTRICT COURT
## ~~NORTHERN~~ DISTRICT OF ILLINOIS
Central

### PERSONS IN FEDERAL CUSTODY

Keith Griffin
(Full name under which convicted)
PETITIONER

K96727
(Prisoner number)

v.

Cherryle Hinthorne
(Name of Warden, Superintendent,
Jailor, or authorized person having
custody of petitioner)
                        Respondent.

Case No: 18-CR-5497

Case No: ~~___~~ - ~~___~~ -
(To be supplied by Clerk)

If petitioner is serving a sentence under a federal judgment which
he wishes to attack, he should file a motion under 28 U.S.C. § 2255,
in the federal court which entered the judgment.

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack:
    *Circuit Court of Cook County 2650 S. California Ave*

2.  Date of judgment of conviction: *2-14-19*.

3.  Length of sentence: *8 yrs*.

4.  Nature of offense involved (all counts with indictment number of each, if known):
    *Armed Habitual Criminal*
    *18DV7278001*.

5.  What was your plea? (Check one)
    (A)  Not Guilty          ( ✓ )
    (B)  Guilty              (    )
    (C)  Nolo Contendere     (    )

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    _____

    _____

    _____

    _____

6.  Kind of trial: (Check one)

    (A)  Jury               (    )
    (B)  Judge only         ( ✓ )

7.  Did you testify at trial?

    Yes  (    )          No  ( ✓ )

8.  Did you appeal from the judgment of conviction or imposition of sentence?

    Yes  ( ✓ )          No  (    )

    (A)  If you did appeal, answer the following:

        (1)  Name of court: *Appellate Court first District*

2

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(2)    Result: _Affirmed_

(3)    Date of result: _March 29, 2022_

(4)    Issues raised: _what was the content of a hearsay statement that officer Monicholas's made about a 911 call_

9.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions pursuant to 28 U.S.C. § 2255 with respect to this judgment in any federal court?

Yes  ( √ )              No    (  )

10.    If your answer to question (9) was YES, give the following information:

(A)    (1)    Name of court: _Circuit Court of Cook county_

(2)    Nature of proceeding: _Mandamus_

(3)    Grounds raised: _Trying to correct the record of a 911 dispatch call the State Used to convict me_

(4)    Did you receive an evidentiary hearing on your petition, application or motion?

Yes  ( √ )        No    (  )

(5)    Result: _Lack of Jurisdiction_

(6)    Date of result: _1-14-20_

(B)    As to any second petition, application, or motion, give the same information.

(1)    Name of court: _____

(2)    Nature of proceeding: _____

3

Revised: 06/04/15

(3)  Grounds raised:  _____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

Yes    (    )          No    (    )

(5)  Result:  _____

(6)  Date of result:  _____

(C)  As to any third petition, application, or motion, give the same information.

(1)  Name of court:  _____

(2)  Nature of proceeding:  _____

_____

(3)  Grounds raised:  _____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

Yes    (    )          No    (    )

(5)  Result:  _____

(6)  Date of result:  _____

(D)  Did you appeal the result to the federal appellate court having jurisdiction?

(1)  First petition, etc.      Yes   (   )  No    (   )
(2)  Second petition, etc.     Yes   (   )  No    (   )
(3)  Third petition, etc.      Yes   (   )  No    (   )

(E)  If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

_____

_____

4

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

11.    If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

_____

_____

_____

_____

_____

_____

_____

12.    State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting same.  You should raise in this petition all available grounds for relief which relate to the conviction under attack.  Failure to do so may bar you from presenting additional grounds at a later date.

(A)    Ground one:  I'm being held in violation of my
       Supporting **FACTS** (tell your story briefly without citing cases or law):

       due-process My Conviction is void
       do to the criminal Court lack of Jurisdiction
       that was render by Judge James B. Linn
       on 7-14-20 in a Mandamus action
       do to a fabrication of a 911 dispatch
       Call the state used to Convict me.
       See exhibit 1, 2, 3, 4, 9, 10, 11, 12, 13, 14
       they took possession of me without
       legal claim they have no prooble cause
       of me being in prison cause the police
       report was fabricated I have a right
       to have a fair trial and due-process
       under the 5th and 14th amendment the

5

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Criminal court lack subject matter jurisdiction that render my conviction void See ex 9

(B)    Ground two: _____

Supporting **FACTS** (tell your story <u>briefly</u> without citing cases or law):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(C)    Ground three: _____

Supporting **FACTS** (tell your story <u>briefly</u> without citing cases or law):

_____
_____
_____
_____
_____
_____
_____
_____
_____

6

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

_____

_____

(D)    Ground four: _____

Supporting **FACTS** (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

13.    Has any ground set forth in question (12) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any petition, motion or application.

Yes    (    )            No    ( ✓ )

14.    If you answered **"YES"** to question (13), state <u>briefly</u> what grounds were previously presented, and name the proceedings in which each ground was raised:

_____

7

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

15. Do you have any petition or appeal now pending in any federal court, as to the judgment under attack?

Yes  ( ✓ )          No  (  )

(A)    If yes, state the name of the court and the nature of the proceeding.

Northern District Courthouse
Habeas Corpus see exhibit A, B

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)    At preliminary hearing: _____

_____

(B)    At arraignment and plea: _____

_____

(C)    At trial: Ryan Carlson _____

(D)    At sentencing: _____

_____

(E)    On appeal: Abigail Hogan Elmer _____

_____

(F)    In any post-conviction proceedings: _____

_____

(G)    On appeal from any adverse ruling in a post-conviction proceeding:

_____

_____

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes  (  )          No  (  )

8

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

18.   Do you have any future sentence to serve after you complete the sentence imposed by judgment under attack?

Yes  (  )                    No  (✓)

(A)   If **YES,** give the name and location of the court which imposed sentence to be served in the future:

_____

(B)   And give the date and length of sentence to be served in the future

_____

_____

_____

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

_____     *Keith Griffin*
Signature of Attorney (if any)        Signature of Petitioner

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on  8-22-23
                        (Date)

*Keith Griffin*
(Signature of Petitioner)

P.O. box 999
(Mailing Address for Petitioner)
Canton, IL, 61520

9

Revised: 06/04/15

*exhibit*

**IN THE CIRCUIT COURT OF** Cook **COUNTY, ILLINOIS**
**THE COURT FOR THE** criminal division **JUDICIAL CIRCUIT**
**LAW DIVISION**

FILED
JUL 09 2019
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

MR Keith Griffin )
           Plaintiff, )
      vs       )
Freedom of Information )
           Defendant.

18 DV 7278001

No. 18- CR- 5497

officer Department of police office of legal Affairs
Foi A File No: P492162

**LEAVE TO FILE PETITION OF MANDAMUS**

      NOW COMES Plaintiff, Keith Griffin , pro se, in order to give notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq., directed to the above named Defendants. In support thereof, Plaintiff states as follows:

      1. Leave to file PETITION OF MANDAMUS is an original action before the Court.

      2. Plaintiff presents for review issues of law pertaining to him while incarcerated at Illinois River Correctional Center, Canton , Illinois, Fulton County.

      3. Plaintiff contends that the issues to be presented are concerning his right to Receive documents under code of Civil Procedure .

      4. Plaintiff alleges in the petition that I mr. Keith Griffin have been denied the following legal Document

      5. Plaintiff's petition seeks to compel the Defendant to provide him with The dispatch-call, and the Grand Jury Indictment Transcript's And Trial Transcripts plus All other Court Recor concerning this case

      6. Plaintiff hereby incorporates by reference all grounds and allegations stated in the PETITION OF MANDAMUS, a copy of which is attached hereto.

      7. WHEREFORE,  plaintiff prays this Court to grant him leave to file a PETITION OF MANDAMUS.

                                   Respectfully submitted.
                                   Keith Griffin
                                   Plaintiff, pro se,  ID# Number K96727
                                   P.O. Box 999
           ITl. River       Corr Ctr, Canton , IL 61520

**Revised Jan 2002**

Exhibit 2

1:23-cv-01319-JES   # 1   Filed: 08/24/23   Page 11 of 21

IN THE CIRCUIT COURT OF _____ COUNTY, ILLINOIS
THE COURT FOR THE _____ JUDICIAL CIRCUIT
LAW DIVISION

FILED
JUL 09 2019
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL.

Keith L. Griffin                    )
            Plaintiff,              )        18 DV 7278001
                                    )   No. 18-CR-5497 ROOM 02
        vs.                         )        TIME 00:00
                                    )        Pet Mandamus
Foia File P492162                   )
            Defendant.              )        2015CH09620
                                         FAIENDAR/ROOM 02
                                             TIME 00:00
                                             Pet Mandamus

### PETITION OF MANDAMUS

NOW COMES Plaintiff, _Keith Griffin_, pro se, in order to give notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq. directed to the above named Defendant.

IN SUPPORT THEREOF, Plaintiff states as follows:

1. Plaintiff is currently incarcerated at _Illinois River_ Correctional Center, _CANTON_, Illinois, _Fulton_ County. Plaintiff is serving a sentence of _8_ years for the charge of

2. Defendant, ██████████ CPD, is the _Notice of Response_ and as such is responsible for _To FOIA Request... FOIA File No: P492162, Dispatch call for case #18-DV-7278001_

3. Plaintiff brings this PETITION OF MANDAMUS before the Court pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq.

4. The plaintiff has requested that the defendants perform specific ministerial duties. The defendants have refused to perform such duties regardless of plaintiff's clear entitlement to performance of the specific duties which are set forth as follows: _The Chicago Police Department is in receipt of your Freedom of infromation Act (FOIA) request, in it, you state: "Dispatch call for case # 18 DV 7278001, It was determined there Are No Responsive Record._

5. As a result of Defendant's actions, Plaintiff will suffer irreparable damages and be subjected to _unlawful Impriorment_

Revised Jan 2002

*exhibit 3*

6. WHEREFORE, Plaintiff prays the Court will grant any such relief as the Court deems just and necessary by ruling Defendant's actions of *Burden of proof... If there's No dispatch Call then police Report is nothing but an Indirect Police Report*

7. WHEREFORE, plaintiff further prays the Court will issue an ORDER OF MANDAMUS compelling Defendant to:

(a) *Provide the following legal documents*

(b) *The dispatch-Call And grand Jury Indictment Transcript's and Trial Transcripts*

(c) To grant plaintiff leave to file brief in support of PETITION OF MANDAMUS.

(d) To grant such other relief as the Court deems just necessary.

Respectfully submitted,

*Keith Griff*

Plaintiff, pro se

Signed before me this *14th* day of *June* , *2019*.

*Jill B. Freeman*

Notary Public

STATE OF ILLINOIS
COUNTY OF *Fulton*

OFFICIAL SEAL
JILL B. FREEMAN
Notary Public - State of Illinois
My Commission Expires 9/07/2021

AFFIDAVIT

I, *Keith Griffin* , deposes and says that as to the petition herein, he/she is the plaintiff in the above entitled cause; that he/she has read the foregoing document, by his/her signed, and that the statements contained therein are true in substance and in fact.

s/s *Keith Griff*

Plaintiff, pro se

Signed before me this *14th* day of *June* , *2019*.

*Jill B. Freeman*

Notary Public

OFFICIAL SEAL
JILL B. FREEMAN
Notary Public - State of Illinois
My Commission Expires 9/07/2021

**Revised Jan 2002**

exhibit 4    1:23-cv-01319-JES    # 1    Filed: 08/24/23    Page 13 of 21

IN THE

Fulton County

**Keith Griffin**
Plaintiff,                          )
                                    )       18 DV 727 8001
                                    )       Case No. 18 cr-5497
               v.                   )
                                    )
        FOIA File No. P492162       )
Defendant

## PROOF/CERTIFICATE OF SERVICE
Provide Address.

TO: _____        TO: _____

    _____            _____

    _____            _____

PLEASE TAKE NOTICE that on June 18 , 20 19 , I have placed the documents listed below in the institutional mail at Illinois River Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: _____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: June 14/2019              /s/ Keith Griffin
                                NAME: Keith Griffin
                                IDOC#: K96727
Subscribed **and sworn to before me**      Illinois River Correctional Center
this 14th **day of** June , 2019 .         P.O. BOX 999
    Jill B. Freeman                        CANTON , IL 61520
Notary Public

    ┌─────────────────────────────────┐
    │        OFFICIAL SEAL            │
    │        JILL B. FREEMAN          │
    │  Notary Public - State of Illinois │
    │ My Commission Expires 9/07/2021 │
    └─────────────────────────────────┘

**Revised Jan 2002**

Exhibit 9



DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

Criminal Division
2650 South California Avenue
Room 526
Chicago, Illinois 60608
(773) 674-3147
FAX (773) 674-4444
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

February 13, 2020

Keith Griffin #K96727
P.O. Box 999
Canton, IL 61520

Dear Keith Griffin:

RE:    Case Number 18CR0549701

Please be advised that on 01/14/20, the Honorable Judge James B. Linn denied your motion for Mandamus without prejudice as Criminal Court lacks jurisdiction.

If you have additional questions regarding this ruling, please contact your attorney, or the public defender.

Office of the Public Defender, Cook County
2650 South California Avenue
7th Floor
Chicago, IL 60608
(773) 869-3222

Sincerely,
**Dorothy Brown**
Clerk of the Circuit Court of Cook County, Illinois



By: _____ Deputy Clerk

CCCR EF18-7723/08. Motion Denied Letter.

Exhibit 10



# OFFICE OF THE STATE APPELLATE DEFENDER

## FIRST JUDICIAL DISTRICT

203 North LaSalle Street • 24th Floor
Chicago, Illinois 60601
Telephone: 312/814-5472 • Fax: 312/814-1447
www.illinois.gov/osad • E-mail: 1stDistrict@osad.state.il.us

JAMES E. CHADD
STATE APPELLATE DEFENDER

DOUGLAS R. HOFF
DEPUTY DEFENDER

BRIAN E. KOCH
ASSISTANT DEPUTY DEFENDER

ABIGAIL HOGAN ELMER
ASSISTANT APPELLATE DEFENDER

September 28, 2022

Mr. Keith Griffin
Register No. K96727
Illinois River Correctional Center
P.O. Box 999
Canton, IL 61520

RE:　*People v. Keith Griffin*
　　　Appellate Court No. 1-19-0499
　　　Supreme Court No.

Dear Mr. Griffin:

Please find enclosed a copy of the Illinois Supreme Court's order deciding not to hear the State's appeal of the appellate court's decision in your case. As a result, relief you obtained in the Appellate Court will stand. The State can appeal to the United States Supreme Court, and if it does, you will be notified.

If the State takes no further action, our representation of you has come to an end and your file will be closed.

Sincerely,


ABIGAIL HOGAN ELMER
Assistant Appellate Defender

encl: Court Order



| Lori Lightfoot | Department of Police · City of Chicago | Eddie T Johnson |
|---|---|---|
| Mayor | 3510 S. Michigan Avenue · Chicago, Illinois 60653 | Superintendent of Police |

May 21, 2019

Keith L. Griffin
P.O. Box 999
Canton, IL 61520

Re:     NOTICE OF RESPONSE TO FOIA REQUEST
        REQUEST DATE:    May 20, 2019
        FOIA FILE NO.:    P492162

Dear Keith:

The Chicago Police Department is in receipt of your Freedom of Information Act (FOIA) request. In it, you state:

        *"Dispatch call for case# 18DV7278001".*

Your request was reviewed by the undersigned. Upon review, it was determined that CPD has no responsive records for your request. Using the information that you have provided, it has been determined there are no responsive records for your dispatch calls. Please be advised we are not the keepers of dispatch records. Please note that each City Department is a "Public Body" under Section 2 of FOIA, 5 ILCS 140/2(a). See Duncan Publishing Inv. v, City of Chicago, 304 Ill. App.3d 778, 784, 709 N.E. 2d 1281, 1282 (1st Dist. 1999) (Each of the individual departments are subsidiary bodies of the city and are "public bodies" as defined by the FOIA). Therefore, there are **no responsive records** for your request.

If you require additional assistance, please contact this office at (312)745-5308, Email or by mail at the below listed address:

                        Chicago Police Department
                        Attention Freedom of Information
                        Legal Affairs Unit
                        3510 S. Michigan Ave
                        Chicago, IL 60653

Sincerely,

P.O. Bryant #4748
Freedom of Information Officer
Department of Police
Office of Legal Affairs

Exhibit 
12



**City of Chicago**
**Lori Lightfoot, Mayor**

**Department of Law**

**Celia Meza, Acting**
**Corporation Counsel**

**Legal Information and**
**Prosecutions**

2 N. LaSalle
Suite 460
Chicago, Illinois 60602
Tel: (312) 742-0301
Fax: (312) 744-8842

http://www.cityofchicago.org

March 23, 2021

Keith Griffin
K96727
Illinois River Correctional Center - PO Box 999
Canton, IL
61520

     Re: *Griffin v. Chicago Police Dept.*

Mr. Griffin,

     Please see the enclosed order.

Sincerely,

  PS

Philip Santell
Assistant Corporation Counsel
Legal Information and Prosecutions Division
2 N LaSalle Suite 460
Chicago, IL 60602
312-744-9188

Enclosure

Exhibit (9)
13

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Keith Griffin,

                    Plaintiff,                    Case No. 19 CH 9260

        v.                                        Calendar 2

Chicago Police Department,

                    Defendant.

---

## ORDER

RAYMOND W. MITCHELL, Circuit Judge.

Defendant the Chicago Police Department moves for summary judgment, pursuant to section 2-1005 of the Illinois Civil Code of Procedure, on Plaintiff Kenneth Griffin's complaint alleging that Defendant failed to produce records of the dispatch call related to Plaintiff's criminal conviction in violation of the Illinois Freedom of Information Act.

### I.

On May 15, 2019, Keith Griffin requested the dispatch call related to his March 2018 arrest and subsequent conviction under the Illinois Freedom of Information Act. Officer Malcom Bryant responded to Griffin's request on May 21, 2019, informing him that the Chicago Police Department has no records of the dispatch call. Defendant moves for summary judgment on Griffin's claim that Defendant's failure to produce records of the dispatch call violated the Illinois Freedom of Information Act.

### II.

Any party may move for summary judgment in its favor on all or part of the relief it seeks or all or part of the relief sought against it. Summary judgment is proper only when the pleadings, depositions, admissions, and affidavits, when viewed in a light most favorable to the nonmovant, reveal that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. 735 ILCS 5/2-1005; *Progressive Universal Ins. Co. v. Liberty Mut. Fire Ins. Co.*, 215 Ill. 2d 121, 127-28 (2005). All pleadings, depositions, admissions, and affidavits are construed strictly against the movant and liberally in favor of the nonmovant.

*Robinson v. Builders Supply & Lumber Co.*, 223 Ill. App. 3d 1007, 1013 (1st Dist. 1991).

The burden of proof and the initial burden of production in a motion for summary judgment lie with the movant. *Medow v. Flavin*, 336 Ill. App. 3d 20, 28 (1st Dist. 2002). The movant may meet its burden by affirmatively showing that some element of the case must be resolved in its favor or by establishing that there is an absence of evidence to support the nonmovant's case. *Neufairfield Homeowners Association v. Wagner*, 2015 IL App (3d) 140775, ¶ 15. Summary judgment is a drastic means of disposing of litigation and should be granted only when the right to it is clear and free from doubt. *Allstate Ins. Co. v. Tucker*, 178 Ill. App. 3d 809, 812 (1st Dist. 1989). For a public agency to prevail on a motion for summary judgment in an action brought under the Illinois Freedom of Information Act, the defending agency "has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *BlueStar Energy Servs., Inc. v. Ill. Com. Comm'n*, 871 N.E.2d 880, 887 (1st Dist. 2007).

### III.

Pursuant to the Illinois Freedom of Information Act, Plaintiff must direct his request to the public body from whom Plaintiff seeks public records. 5 ILCS § 140/3; *see Duncan Publ'g, Inc. v. City of Chicago*, 709 N.E.2d 1281, 1286 (1st Dist. 1999). Here, Defendant's uncontradicted affidavit establishes that Defendant does not possess the responsive records to Miller's request for the dispatch call, as those records are maintained by a separate public body. Defendant has thus complied with its obligations under the Illinois Freedom of Information Act.

For these reasons, it is hereby ORDERED:

(1) Defendant the Chicago Police Department's motion for summary judgment is granted.

(2) Judgment is entered in favor of the Chicago Police Department

(2) This is a final order that disposes of the case in its entirey.

Judge Raymond W. Mitchell

MAR 17 2021 ENTERED,

IRIS Y. MARTINEZ
Circuit Court-1992

Raymond W. Mitchell, Judge No. 1992

2

    (4)    McCoy "also testified that he was responding to a call that a person had a gun but had no proof of it at trial."

Exh. G (State habeas complaint, *Griffin v. Clark*, No. 18 CR 5497 (Cir. Ct. Cook Cnty.).

    The state trial court dismissed the habeas complaint on June 29, 2022, Exh. H; petitioner appealed, Exh. I; and the appeal remains pending in the Illinois Appellate Court, First District, Case No. 1-22-1176.

## II.    Federal Habeas Proceedings

    On April 8, 2022, petitioner filed a 28 U.S.C. § 2254 habeas corpus petition, Doc. 1, which noted that he had not yet filed a PLA in the Illinois Supreme Court on direct appeal, and this Court dismissed the petition without prejudice for failure to exhaust state court remedies, Doc. 6.

    Petitioner then filed a request to reinstate his petition because the Illinois Supreme Court had denied his direct appeal PLA, Doc. 9, and a new 28 U.S.C. § 2254 habeas corpus petition arguing:

    (1)    the prosecution "elicited fabricated testimony from officer McNicholas of a 911 dispatch call";

    (2)    the prosecution elicited false testimony from McCoy "that he was responding to a call of a person with a gun that was fabricated";

    (3)    officers did not have a search warrant or probable cause to enter the apartment; and

    (4)    the appellate court judgment affirming the conviction violated due process.

Doc. 8.

3

This and the Southern district is the only forms that this Facility have, if this comes to be a problem then you have to take it up with this Facility. It is not my Fault. This is the only form that I wish to file in the central district courthouse to regain my freedom. thank you and have a bless day